the persons who purchased from said defendants. He, therefore, reports against said defendants damages to the amount of $1,545 48, which should be $1,548 88.

I think it was a correct conclusion that the zinc cuspidor, with the bottom loaded with iron filings, was an infringement of the patent. It was composed of three metallic parts, formed and combined substantially as set forth in the Heath patent, with the excess of weight in the base. Although the self-righting feature is found in the Topham patent, that patent does not show the combination covered by the Heath patent.

The question, whether the price which the plaintiff received for his cuspidors was less than those which he would have received but for the infringements by the defendants, is a question of fact. Such, also, is the question as to the amount of the reduction, and as to how much of it was occasioned by the acts of the defendants, and as to how much of it was attributable to the fact that the infringing articles contained the patented feature of the plaintiff's patented cuspidors. Such, also, is the question as to whether, if the infringing cuspidors had not been sold, the plaintiff would have sold any greater number of the patented cuspidors than he did sell, and what profit he would have made on them, and what part of such profit is to be assigned to the distinctive patented feature of the cuspidors.

It is for the plaintiff to establish, by satisfactory evidence, not only that a reduction of his prices was caused by the infringements, but how much such reduction was, and how much of it was occasioned by the acts of the defendants, and how much was due to the fact that the infringing articles contained the patented feature of the plaintiff's patented cuspidors. I am not satisfied with the conclusions of the master on this subject. The evidence on which those conclusions were reached was in the shape of estimate and conjecture and opinion, and afforded no proper basis for a report of actual damages by a forced reduction of prices. The allotment of 30 per cent. of such reduction to the infringements by the defendants, and to the fact that the infringing articles contained the patented features of the plaintiff's patented cuspidors, and of 70 per cent. of such reduction to other causes, is founded only on the conjectures, estimates and assertions of witnesses, and not on any sound and safe basis of calculation. Moreover, it does not appear that the master at all considered the question as to the weight to be given to the fact that the sales of the plaintiff were unquestionably increased in number by the reduction of prices by him, resulting in profit on the added sales, and counterbalancing, to some extent, at least, diminution of profit on the rest of the sales.

So, also, it is for the plaintiff to establish, by satisfactory evidence, that he would have sold more of the patented cuspidors than he did sell, if the infringing cuspidors had not been sold, and what profit he would have made on them, and what part of such profit is to be assigned to the distinctive patented feature of the cuspidors. I see no proper foundation, in the evidence, for the conclusion, that, if the defendants in the first case had not sold the 1,003 infringing cuspidors, the plaintiff would have sold 1,003 more of the patented cuspidors than he did sell. The conclusion has no other basis than conjecture and speculation.

Only nominal damages should have been reported in each case. The plaintiff is entitled to recover costs other than the costs of the references before the master, and of the reports and exceptions, and of the hearings thereon, and the defendants are entitled to recover the costs of the references before the master, and of the reports and exceptions, and of the hearings thereon. The one set of costs, in each case, must be deducted from the other, and a decree be rendered for the difference, for the party in whose favor it shall exist.

## Case No. 7,041.

INGERSOLL v. TURNER et al.

[See 7 Fed. 859.]

## Case No. 7,042.

INGLE v. COLLARD.

[1 Cranch, C. C. 134.][1]

Circuit Court, District of Columbia. July Term, 1803.

P. B. Key, for plaintiff,

Mr. Mason, for defendant,

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (MARSHALL, Circuit Judge, absent) suffered the plaintiff to give evidence of the acknowledgment of White, as to the receipt of all such moneys and all such payments for labor and materials as came within the covenant.

## Case No. 7,043.

### INGLE v. COLLARD.

[1 Cranch, C. C. 152.] 1

Circuit Court, District of Columbia. Dec. Term, 1803.

Mr. Mason, for defendant,

J. B. Key, for plaintiff, contra.

Mr. Mason in reply.

## Case No. 7,044.

### INGRAHAM v. ALBEE.

[1 Blatchf. & H. 289.] 1.

District Court, S. D. New York. March 19, 1832.

Edwin Burr and Erastus C. Benedict, for libellant.

John Cleaveland and William W. Campbell, for respondent.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]